GUSS v. LASTRAP et al.

LASTRAP et al. v. GUSS.

No. 10832.

Circuit Court of Appeals, Fifth Circuit.

May 24, 1944.

Rehearing Denied June 22, 1944.

Arthur J. Mandell, of Houston, Tex., for appellant Ida Guss.

Henry E. Kahn, Fred R. Switzer, John E. Green, Jr., W. D. Caldwell, and Rufus J. Lackland, all of Houston, Tex., for appellees.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

McCORD, Circuit Judge.

The Gulf Oil Corporation, organized under the laws of Pennsylvania, owned and operated a number of ocean-going tank vessels. It agreed to abide by a decision and order of the Maritime War Emergency Board with respect to War Risk Insurance for seamen.

Lucius Joseph Lastrap, Jr., a citizen of the United States and a citizen and resident of the State of Texas, entered the service of the Gulf Oil Corporation as a seaman and became a member of the crew of the steamship "Gulf America", which was owned by and under the registration of Gulf Oil Corporation. Lastrap lost his life by the sinking of such vessel on or about April 10, 1942, by enemy action.

The order of the Maritime War Emergency Board was to the effect that insurance in the sum of $5,000 on the life of each seaman, and on each seaman of the class of Lastrap, $150 on his personal effects should be carried by the Gulf Oil Corporation.

Shortly after Lastrap signed on the steamship he was provided with a card which he signed and which named his beneficiary in the event of death. However, no policy of insurance had been issued and no insurance was in effect on his life at the time he signed the card nor at the time of his death. The card simply named Ida Guss, an aunt of deceased, as beneficiary. We are unable to find that insurance is mentioned on this card. Lastrap gave his age as 21, that he was single, and that no one was dependent upon him for support except his child Jeanette. The facts are that he had a wife and two children, their ages being approximately four and two years. A third child was born soon after his death.

Upon the death of Lastrap, Ida Guss, his aunt, and Lillian Easton Lastrap, his wife, each claimed the proceeds of the unissued policy of insurance. Thereupon Gulf Oil Corporation, by way of interpleader, admitted that it owed $5,000 by way of insurance, $150 additional on the personal effects of deceased, and a further sum of $26.74 as wages. It deposited these amounts, aggregating $5,176.74, in the registry of the court, alleging that it was unable to find and ascertain to whom the amount should be rightfully paid, and it moved the court to determine to whom this money rightfully belonged, and to pay it over, and to absolve it in all respects from any liability because of its obligation to provide insurance for the deceased.

The court below decreed that the wages of deceased should be paid to his widow, Lillian Easton Lastrap, as administratrix of his estate, that the sum of $5,150 represented insurance money on the life of deceased and that it should be paid over to Ida Guss, the aunt of deceased, to be held in trust by her for the infant child, Jeanette Lastrap. Ida Guss and Lillian Easton Lastrap have both appealed.

We are of opinion and so hold that the money paid into the registry of the court by the Gulf Oil Corporation is not insurance funds. It was paid for the reason that the Gulf Oil Corporation felt itself either legally or morally obligated to make such payments, and it marks a line of conduct which is both honest and forthright. It does not represent any part of the community estate of deceased and his wife. It was not earned by either of them. It does not represent money by way of damages, and it is paid into the court without legal direction or decree, and after the death of the seaman Lastrap. We are of opinion, without deciding, that it is more in the nature of a gift, and under the evidence the court was not warranted in designating it insurance funds. We further hold that the card offered in evidence, and which named Ida Guss as beneficiary, does not measure to a legal disposition of such funds.

It is true that Gulf Oil Corporation agreed to abide by the orders of the Maritime War Emergency Board and to insure the life of Lastrap for the amount of $5,000, and to insure his personal effects also, but it is without dispute that no such policy was carried and in force at the time of his death. He had been in the employ of the Gulf Oil Corporation only a few days and the card naming his beneficiary was issued and signed by deceased about the time he signed on the tanker, and no insurance was ever issued to him. There is no direct evidence that it related to the new life insurance rather than a group insurance which the Gulf Oil Corporation customarily provided. This card cannot become of such legal force and effect as that it may designate the rightful owner of the money paid into the registry of the court. 1 Cooley, Briefs in Ins. 368,.

392, 411, 513; 1 Beach, Ins., 507; 1 Joyce, Ins., Sections 45 to 50.

We hold that the wages of deceased should be paid over to his wife, Lillian Easton Lastrap; that the remainder of the fund which the court designates as insurance money should be paid over to the heirs at law of deceased. We further hold that in computing the interest of the heirs the funds in question will not be treated as community property.

The judgment of the court is reversed and the cause remanded, and the court will enter a decree paying over to the wife of deceased the sum of $26.74, wages which he had earned at the time of his death. The residue and remainder, the same being $5,150, shall be paid over to the heirs at law of deceased. While the money in question, which has been paid into the court, is not insurance money, the evidence shows that it came to life and inures to the heirs at law of the deceased seaman by reason of an order issued by the Maritime War Emergency Board. Therefore, it becomes the duty of the district court to safeguard, preserve, and pay over such funds to the heirs at law in such manner as will protect such funds and preserve their interest.

The court will assess costs and attorney's fees as it may be advised, and also enter an order absolving Gulf Oil Corporation from further liability with reference to any and all amounts owing deceased or his estate by way of insurance.

The judgment is reversed and remanded, with directions.