### LANDRY et al. v. AMERICAN REPUBLICS CORPORATION.

#### No. 686.

District Court, S. D. Texas, Houston Division.

Dec. 20, 1944.

Mandell & Wright and Arthur J. Mandell, all of Houston, Tex., for libellants.

Fulbright, Crooker, Freeman & Bates and W. N. Arnold, Jr., all of Houston, Tex., for respondent.

KENNERLY, District Judge.

William Walter Pope was a seaman on the Steamship Federal, owned by respondent, and lost his life when such steamship was sunk by enemy action on or about April 30, 1942. Prior to such seaman's death, respondent had verbally agreed with all of the members of the crew of its vessels, including the Steamship Federal, to pay an amount to each member of the crew for loss of personal effects, to be based on the wages of such crew member. Based on the wages of Pope, the payment to him was to be $250.

Prior to the death of Pope, respondent also took out a policy of "Personal Accident War Risk Insurance" covering Pope, in the sum of $5000, and Pope designated libellant as the beneficiary or person to receive such $5000, but made no designation as to such $250. The $5000 has been paid to libellant, and she insists that she is also entitled to the $250, and sues for it herein. Respondent denies that libellant is entitled to receive or recover same.

(a) The facts in the main have been stipulated by stipulation filed, as follows:

"Libellants are husband and wife and are citizens or residents of Harris County, Texas. Respondent is a corporation, having an office and place of business in Harris County, Texas.

"That on April 24, 1942, and at all times material hereto, respondent was the owner and operator of the tanker vessel S. S. Federal.

"That on April 24, 1942, William Walter Pope, also known as W. W. Pope, signed on the S. S. Federal as a member of the crew thereof, being employed in the capacity of cook. The said William Walter Pope was paid a base wage of $142.50 per month.

"On or about March 16, 1942, respondent procured and took out a policy of 'Personal Accident War Risk Insurance' with Lloyds of London, which policy covered the members of the crew of the S. S. Federal during the period commencing February 6, 1942 and ending May 7, 1942, against loss of life to the extent of $5,000.00 for each member of the crew. A photostatic copy of said policy is attached hereto, made a part hereof, marked Exhibit A, and may be received in evidence without further proof of authentication.

"At the time William Walter Pope signed on said S. S. Federal, to wit, on April 24, 1942, he executed a designation of beneficiary, designating Mrs. Lillian Landry as such beneficiary of the proceeds of said policy marked Exhibit A. A photostatic copy of such designation is attached hereto, made a part hereof, marked Exhibit B, and may be received in evidence without further proof of authentication.

"It is agreed that respondent, American Republics Corporation has never signed the statement of principles creating the Maritime War Emergency Board.

"It is agreed that respondent, American Republics Corporation, verbally agreed with all of the members of the crew of its vessels, including the S. S. Federal, that in addition to the procurement of the crew war risk insurance covering the loss of life of the members of the crew, that it, the respondent herein, would pay each member of the crew of its vessels for loss of personal effects of such crew members; such amount to be paid for loss of personal effects to be based upon the wage of the crew member. It is agreed that William Walter Pope, having received a base wage of $142.50 per month, was entitled to receive the sum of $250.00 for loss of personal effects.

"It is further agreed that the S. S. Federal was sunk by enemy action on or about April 30, 1942, and as a result thereof William Walter Pope lost his life and all his personal effects.

"It is further agreed that Lloyds of London, under and by virtue of said policy of crew war risk insurance aforesaid (Exhibit A), paid to Mrs. Lillian Landry, libellant herein, the sum of $5,000.00, being the full amount of the proceeds of said policy.

"It is further agreed that libellants are not related to William Walter Pope and that no administration has been had on his estate.

"It is further agreed that if libellants are entitled to recover in this cause, they are entitled to recover the sum of $250.00."

(b) One witness (Harry W. Anderson) has testified. I do not find nor construe his testimony to mean that respondent at any time agreed to pay this $250 in accordance with the Rules and Regulations of the Maritime War Emergency Board nor to the person designated to receive the $5000.

1. Under the rule laid down in Guss v. Lastrap, 5 Cir., 142 F.2d 872, 873, this $250 is not insurance. It is not wages nor earnings of Pope. It is not damages. It is more in the nature of a gift. It should go to the "heirs at law" of Pope, and not to libellant.

Judgment for respondent.